United States Bankruptcy Court

Central District of California

| | |
|---|---|
| In re: | Case No. 24-11074-RC |
| Tillamook Investments, Inc. | Chapter 7 |
| Debtor | |

# CERTIFICATE OF NOTICE

| | | |
|---|---|---|
| District/off: 0973-9 | User: admin | Page 1 of 2 |
| Date Rcvd: Sep 14, 2026 | Form ID: pdf042 | Total Noticed: 1 |

The following symbols are used throughout this certificate:

| **Symbol** | **Definition** |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 16, 2026:**

| **Recip ID** | | **Recipient Name and Address** |
|---|---|---|
| db | + | Tillamook Investments, Inc., 3927 San Pablo Dam Road, El Sobrante, CA 94803-2823 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 16, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 14, 2026 at the address(es) listed below:**

| **Name** | **Email Address** |
|---|---|
| Edwin J Rambuski | on behalf of Creditor Courtesy NEF edwin@rambuskilaw.com marissa@rambuskilaw.com |
| Edwin J Rambuski | on behalf of Creditor Joseph Gerardis edwin@rambuskilaw.com marissa@rambuskilaw.com |
| Elan S Levey | on behalf of Interested Party Courtesy NEF elan.levey@usdoj.gov usacac.tax@usdoj.gov;caseview.ecf@usdoj.gov;usacac.tax@usdoj.gov |
| Jeremy W. Faith (TR) | Trustee@MarguliesFaithlaw.com C118@ecfcbis.com;leedowding@gmail.com |
| Michael G D'Alba | on behalf of Trustee Jeremy W. Faith (TR) mgd@lnbyg.com |
| Michael G D'Alba | |

| | |
|---|---|
| | on behalf of Interested Party Courtesy NEF mgd@lnbyg.com |
| Pamela Kohlman Webster | on behalf of Creditor Courtesy NEF pwebster@buchalter.com smartin@buchalter.com |
| Richard L Antognini | on behalf of Interested Party Alfred Nevis rlalawyer@yahoo.com rlalawyer@yahoo.com |
| Stephen H Kim | on behalf of Debtor Tillamook Investments Inc. skecfmail@gmail.com, skim.us@gmail.com |
| Timothy J Yoo | on behalf of Trustee Jeremy W. Faith (TR) TJY@LNBYG.COM |
| Timothy J Yoo | on behalf of Interested Party Courtesy NEF TJY@LNBYG.COM |
| United States Trustee (ND) | ustpregion16.nd.ecf@usdoj.gov |

TOTAL: 12

Chapter 7 Trustee Name, Address, Telephone & FAX Nos., State Bar No. & Email Address

Jeremy W. Faith
16030 Ventura Blvd., Suite 470
Encino, CA 91436
(818) 705-2777 Phone
(818) 705-3777 Fax

☐ *Attorney for chapter 7 trustee*
☒ *Chapter 7 trustee*

FOR COURT USE ONLY

FILED & ENTERED
SEP 14 2026
CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Spann DEPUTY CLERK

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**NORTHERN DIVISION**

In re:

TILLAMOOK INVESTMENTS INC.

Debtor(s).

CASE NO.: 9:24-bk-11074-RC

CHAPTER: 7

**ORDER (1) ALLOWING PAYMENT OF: (A) COURT AND U.S. TRUSTEE FEES; AND (B) FINAL FEES AND EXPENSES OF TRUSTEE AND PROFESSIONALS; AND (2) APPROVING STIPULATION AMONG DEBTOR; JEREMY FAITH, TRUSTEE; AND CLAIMAINT WILLIAM AND CHRISTINA KIRWAN RESOLVING DEBTOR'S OBJECTION TO TRUSTEE'S FINAL REPORT [DKT. NO. 123] AND OBJECTION TO KIRWANS CLAIM NO. 5 [DKT. NO. 131]**

DATE: August 25, 2026
TIME: 10:00 am
COURTROOM: 201
ADDRESS: 1415 State St., Santa Barbara, CA 93101

The chapter 7 trustee filed a Trustee's Final Report in this case. Applications for final compensation were filed by the chapter 7 trustee and, if applicable, other professionals. Based on findings and conclusions made by the court as set forth *infra*, **IT IS ORDERED: Fees and expenses are approved as follows, and if not already paid may be paid**:

1. **Fees: U.S. Bankruptcy Court and U.S. Trustee**

U.S. Bankruptcy Court fees *(specify)*

| | |
|---|---|
| | $0.00 |
| | $0.00 |
| | $0.00 |

| | |
|---|---|
| Subtotal of court fees: | $ 0.00 |
| U.S. Trustee fees | $ 0.00 |
| Total allowed court and U.S. Trustee fees | $ 0.00 |

2. **Professional Fees and Expenses:**

a. Chapter 7 Professional Fees and Expenses:

| | Total Final Request | Total Allowed | Paid-to-Date | Remaining to be Paid |
|---|---|---|---|---|
| (1) **Name of Professional/Profession:** Franchise Tax Board (ADMINISTRATIVE), ATTORNEY FOR TRUSTEE (CH.7) (Firm) | | | | |
| Fees | $ 1,652.91 | $ 1,652.91 | $ 0.00 | $ 1,652.91 |
| Expenses | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| (2) **Name of Professional/Profession:** LEVENE NEALE BENDER YOO & GOLUBCHIK L.L.P., ATTORNEY FOR TRUSTEE (CH.7) (Non-Firm) | | | | |
| Fees | $ 164,511.00 | $ 164,511.00 | $ 0.00 | $ 164,511.00 |
| Expenses | $ 837.47 | $ 837.47 | $ 0.00 | $ 837.47 |
| (3) **Name of Professional/Profession:** Hahn Fife & Co., LLP, ACCOUNTANT FOR TRUSTEE (CH.7) (Non-Firm) | | | | |
| Fees | $ 14,207.00 | $ 14,207.00 | $ 0.00 | $ 14,207.00 |
| Expenses | $ 347.00 | $ 347.00 | $ 0.00 | $ 347.00 |

☐ Additional professional fees and expenses attached.

b. Chapter 11 Professional Fees and Expenses (prior to conversion to chapter 7):

| | Total Final Request | Total Allowed | Paid-to-Date | Remaining to be Paid |
|---|---|---|---|---|
| (1) **Name of Professional/Profession:** | | | | |
| Fees | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Expenses | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ Additional professional fees and expenses attached.

3. **Trustee Fees and Expenses:**

a. Chapter 7 Trustee Fees and Expenses:

| | Total Final Request | Total Allowed | Paid-to-Date | Remaining to be Paid |
|---|---|---|---|---|
| **Trustee**: Jeremy W. Faith | | | | |
| Fees | $ 105,302.15 | $ 105,302.15 | $ 0.00 | $ 105,302.15 |
| Expenses | $ 561.54 | $ 561.54 | $ 0.00 | $ 561.54 |
| Bank Fees | $ 25,835.64 | $ 25,835.64 | $ 25,835.64 | $ 0.00 |
| Bond | $ 1,508.76 | $ 1,508.76 | $ 1,508.76 | $ 0.00 |
| Taxes | $ 1,503.00 | $ 150.00 | $ 0.00 | $ 150.00 |

☐ Additional trustee fees and expenses attached.

b. Chapter 11 Trustee Fees and Expenses (prior to conversion to chapter 7):

| | Total Final Request | Total Allowed | Paid-to-Date | Remaining to be Paid |
|---|---|---|---|---|
| **Trustee**: | | | | |
| Fees | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Expenses | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Bank Fees | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Bond | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |
| Taxes | $ 0.00 | $ 0.00 | $ 0.00 | $ 0.00 |

☐ Additional trustee fees and expenses attached.

4. If the final dividend to creditors is the same or higher than proposed in the Trustee's Final Report, the trustee shall immediately proceed with the final distribution to creditors and professionals. If the final dividend to creditors is less than that which was proposed in the Trustee's Final Report, the trustee shall immediately submit to the U.S. Trustee an Amended Trustee's Report of Proposed Distribution and Dividend Payments within 30 days of the entry of this order. Within 14 days the U.S. Trustee will review the proposed distribution and notify the trustee to proceed with the final distribution to creditors and professionals. The distribution to creditors and professionals shall occur at the same time and no later than 90 days from the entry of this order.

5. ☒ Other:

*Background*

*The Petition*

On September 23, 2024, Tillamook Investments, Inc. (the "Debtor") filed a voluntary petition for relief pursuant to Chapter 7 of Title 11 of the United States Code. *See* Docket No. 1, *Voluntary Petition for Non-Individuals Filing for Bankruptcy*. The Debtor scheduled real property located at 21064-21065 Edwards Ln., Condon, Oregon 97823 (the "Property"). *See id.* at p. 12, *Schedule A/B: Assets – Real and Personal Property*. Zion Jerge ("Jerge") is scheduled as the holder of 100% of the interests in the Debtor. *See id.* at p. 32, *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy*.

The Debtor scheduled an executory contract with William and Christina Kirwan (the "Kirwans") referred to as the *Condon Property Cooperation Agreement*, through which contract "the Kirwans will receive 50% of the net proceeds from the sale of the Condon Property" (the "Agreement"). *See id.* at p. 25, *Schedule G: Executory Contracts and Unexpired Leases*.

Jeremy W. Faith (the "Trustee") is the duly appointed and acting Chapter 7 trustee for the Debtor's Bankruptcy estate. *See* Docket No. 2, p. 1, *Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline*.

*The Claim*

On December 17, 2024, the Kirwans timely filed an unsecured claim in the amount of $893,385.87 related to the Agreement (the "Claim"). *See* Claim No. 5.

*Fee Applications of Professionals*

On May 27, 2026, Levene, Neale, Bender, Yoo, & Golubchik LLP ("LNBY&G"), in its capacity as counsel to the Trustee, filed that *Application for Payment of: Final Fees and/or Expenses (11 U.S.C. § 330)* (the

"LNBY&G Application"), covering the period from November 11, 2024, to May 19, 2026, through which LNBY&G requests allowance, on a final basis, of fees in the amount of $164,511.00 and reimbursement of expenses in the amount of $837.47. *See* Docket No. 118, p. 4, lines 7-10.

On May 15, 2026, Hahn Fife & Company, LLP ("HF"), in its capacity as accountant to the Trustee, filed that *First and Final Application of Hahn Fife & Company for Allowance of Fees and Expenses From March 25, 2025 Through May 15, 2026* (the "HF Application"), covering the period from March 25, 2025, to May 15, 2026, through which HF requests allowance, on a final basis, of fees in the amount of $14,207.00 and reimbursement of expenses in the amount of $347.00. *See* Docket No. 116, p. 4, lines 9-13.

*The Trustee's Final Report*

On July 21, 2026, the Trustee filed *Trustee's Final Report (TFR)* (the "Report"). *See* Docket No. 120. As of the date of the filing of the Report, the Trustee held on behalf of the Debtor's bankruptcy estate $1,753,216.75 in cash on hand. *See* Docket No. 120, p. 1. Through the Report, the Trustee, *inter alia*, seeks to disburse the remaining cash on hand as follows: (1) Payment of the Trustee's statutory fee of $105,302.15 pursuant to 11 U.S.C. § 326(a) and reimbursement of expenses in the amount of $561.54; (2) the payment of fees in the amount of $164,511.00 and reimbursement of expenses in the amount of $837.47 related to the LNBY&G Application; (3) the payment of fees in the amount of $14,207.00 and reimbursement of expenses in the amount of $347.00 related to the HF Application; (4) the payment of administrative expense taxes in the amount of $1,802.91; (5) $2,578.80 to the Franchise Tax Board on the part of its priority tax claim; (6) $494.63 to the Oregon Department of Revenue on the part of its priority tax claim; (7) $1,324,754.29 to pay all allowed general unsecured claims, plus $65,336.74 in interest on those claims; and (8) $36,226.61 as a surplus to the Debtor. *See id.* at pp. 15-17.

*The Objection to the Claim*

On August 14, 2026, the Debtor filed that *Objection to Claim* (the "Objection"), objecting to the Claim. *See* Docket No. 131. The Objection appears to provide that the Debtor is not a party to the Agreement, even whilst the Debtor scheduled the Agreement as one of the Debtor's executory contracts, that the amounts purported by the Kirwans to be owed under the Agreement are inaccurate, and that the Claim lacks appropriate documentation. *See id.*

On August 18, 2026, the Kirwans filed *Creditors William Kirwan and Christina Kirwan's Joinder to the Chapter 7 Trustee's Response to Debtor's Objection to Proof of Claim No. 5*. *See* Docket No. 136. The Kirwans joined the Trustee's argument that the Objection is too late to be considered by the Court given the status of the Debtor's bankruptcy case. *See also* Docket No. 134, *Chapter 7 Trustee's Reply to Objection to Trustee's Final Report, Application for Compensation and Applications for Compensation of Professionals* (the "Reply").

*The Objections to the Report and Reply*

On August 11, 2026, the Debtor filed that *Objection to Trustee's Final Report, Application for Compensation and Applications for Compensation of Professionals* (the "Debtor's Objection to the Report"). *See* Docket No. 123. Through the Debtor's Objection to the Report, the Debtor argued that the Report "should not be approved because [the Objection] remains unresolved," and requested that "the Court defer distribution on [the Claim] pending resolution of [the Objection]." *See id.* at p. 2, lines 22-25.

On August 11, 2026, Alfred Nevis and the Alfred Nevis Revocable Trust (the "Nevis Parties") filed that *Objection of Alfred Nevis and the Alfred Nevis Revocable Trust to the Trustee's Final Report* (the "Nevis Objection to the Report"). *See* Docket No. 124. The Nevis Parties object to the Report on the grounds that "[the Trustee] does not explain the basis for [the Claim]; he provides no reason for paying it in full" and that by paying the Claim, the Trustee is taking $838,000 "away from other creditors and the debtor." *See id.* at p. 2, lines 13-19. The Nevis parties also argued that "the Buchalter claim" is being paid without the claim having been supported by "bills" or "time sheets," and that it is unclear who the claimant's purported services supported. *See id.* at p. 3, lines 1-12. Nevis further argued that the same claim was filed in a related bankruptcy case. *See id.* at lines 13-20.

On August 18, 2026, the Trustee filed the Reply. *See* Docket No. 134.

On August 18, 2026, the Trustee filed *Chapter 7 Trustee's Reply to Objection of Alfred Nevis and the Alfred Nevis Revocable Trust to the Trustee's Final Report* responding to the Nevis Objection to the Report largely on standing grounds. *See* Docket No. 135.

<u>*The Stipulation*</u>

On August 24, 2026, the Debtor filed that *Stipulation Among Debtor; Jeremy Faith, Trustee; and Claimant William and Chrsitina Kirwan Resolving Debtor's Objection to Trustee's Final Report [Dkt. No. 123] and Objection to Kirwans Claim No. 5 [Dkt. No. 131]* (the "Stipulation"). *See* Docket No. 137. Relevant here, the Stipulation provides that "[the Claim] will be allowed as an unsecured claim in its originally stated amount of $893,385.87," "[h]owever, [the Chapter 7 Trustee] shall disburse $376,000.00 of the allowed claim by check made payable to Zion Jerge []" and "[t]he balance of funds to be paid by [the Chapter 7 Trustee] on [the Claim] shall be made payable to [the Kirwans], including interest to be paid on [the Claim]." *See id.*

<u>*Analysis*</u>

As to the Report, there are no objections to the LNBY&G Application, HF Application, or the Trustee's statutory fee.

The Claim was filed, and the only party that filed an objection to the Claim was the Debtor. As all claims in the instant case are being paid in full, and this is a surplus estate, it is the Debtor whose ox is being gored with the allowance of the Claim. The Stipulation, filed by the Debtor, resolves the Objection.

It is not clear to the Court that the Nevis Parties have any financial stake in the instant case. The Nevis parties have not filed a proof of claim in this case, or any pleading claiming a financial stake in the Debtor. The Nevis Parties merely refer to themselves as "interested parties." *See* Docket No. 124, p. 1, lines 20-23. Other than being the target of a lawsuit by the Debtor regarding a transfer of the Property, the Court has no understanding of what relation the Nevis Parties have to the instant case, and therefore what standing they have to be heard on the Report.

Presuming any such objection would be properly filed by the Nevis Parties, the Nevis Parties never filed an objection to the Claim, or any other claim filed in the instant case, even after the Report was filed. Buchalter, a Professional Corporation, filed proof of Claim No. 3, timely, in the amount of $315,146.82. *See* Claim No. 3. No objection to that claim has been filed, including by the Debtor or the Nevis Parties. This claim is, therefore, deemed allowed. *See* 11 U.S.C. § 502(a). The Trustee certified through the Report that he performed all his duties under 11 U.S.C. § 704, which would include investigating the Debtor's financial affairs and examining

proofs of claim in the instant case. The Debtor has been active in this case, and any surplus that would result would increase with the disallowance of any of the filed claims, and the Debtor has done nothing to challenge the Trustee's intent on paying Claim No. 3.

The fees and expenses of professionals prayed for in the Report are approved. The objections to the Report, to the extent they have not been resolved by the Stipulation, which Stipulation the Court here approves, are overruled.

###

Date: September 14, 2026

Ronald A. Clifford III
United States Bankruptcy Judge